UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Harold D. Harden,

    Plaintiff

v.

Nevada Department of Corrections, et al.,

    Defendants

Case No.: 2:14-cv-2008-JAD-VCF

**Order Denying Motion for Reconsideration (Doc. 8)**

In December 2014, pro se plaintiff Harold D. Harden, who is a prisoner in the custody of the Nevada Department of Corrections, filed a civil rights claim under 42 U.S.C. § 1983 and moved for appointment of counsel to assist him.[1] Mr. Harden's request for counsel was denied in a screening order, and his complaint was dismissed without prejudice.[2] He was given 30 days to amend the complaint and given guidance on how to cure its defects.[3] As the screening order explained, Mr. Harden's allegations were "vague and conclusory and do not allege enough facts for the Court to evaluate whether he states colorable constitutional claims."[4]

In requesting that I reconsider the screening order, Mr. Harden has now raised the issue of mental incompetence. He claims he is "mentally impaired" and that for more than five years he has been treated at the prison for "bipolar type 2 paranoid schizophrenia."[5] When "substantial evidence" of incompetence is presented, a district court must conduct a competency hearing.[6] The Ninth

---

[1] Doc. 1.

[2] Doc. 5.

[3] Doc. 5 at 4-8.

[4] *Id.* at 4.

[5] Doc. 8.

[6] *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

1

Circuit has not specifically identified what constitutes "substantial evidence" in this context, but in *Allen v. Calderon* it did offer some guidance.

The plaintiff in *Allen* submitted a letter from the prison psychiatrist that set forth the psychiatrist's diagnosis of chronic undifferentiated schizophrenia and the treatment medications the plaintiff was currently taking.[7] The plaintiff also included declarations from himself and another inmate that explained that the plaintiff was mentally ill and did not understand the court's instructions.[8] The court found these submissions together established that the plaintiff "suffered[ed] from a mental illness," that "the mental illness prevent[ed] him from being able to understand and respond to the court's order," and that there was therefore sufficient evidence "to require the district court to make a competency determination."[9]

All that Mr. Harden has submitted is his bald motion for reconsideration. There is no letter from the prison psychiatrist. There is no declaration from another inmate. There is nothing beyond Mr. Harden's unsupported, two-sentence assertions of mental incompetence in the text of his motion. This is not substantial evidence necessary to trigger a competency hearing.[10] Nor do I find that Mr. Harden's motion, on its own, warrants the "extraordinary remedy"[11] of reconsideration. Only three bases exist for a motion for reconsideration: newly discovered evidence, clear error, and an

---

[7] *Allen*, 408 F.3d at 1152.

[8] *Id.*

[9] *Id.* at 1152–53.

[10] *See Shack v. Knipp,* 2012 WL 4111652, at *5-7 (S.D. Cal. Sept 17, 2012) (concluding that a plaintiff who did not submit a letter from his treating physician, did not submit a sworn declaration, and showed a capacity to effectively communicate with the court failed to submit substantial evidence); *Lavery v. Singh,* 2011 WL 5975934, at *3 (S.D. Cal. Nov. 29, 2011) (concluding that the plaintiff failed to submit substantial evidence by relying solely on his own declaration, which was refuted by medical records provided by the defendant); *McElroy v. Cox,* 2009 WL 4895350, at *3 (E.D. Cal. Dec 11, 2009) (concluding that the plaintiff failed to submit substantial evidence because, even though he submitted medical records, he demonstrated an ability to function while properly medicated and there was no nexus between his mental disorder and his ability to articulate his claims).

[11] *Carroll v. Nakatani,* 342 F.2d 713, 715 (9th Cir. 2003).

2

intervening change in the controlling law.[12]  Mr. Harden identifies none of these bases.

Accordingly, I deny Mr. Harden's motion without prejudice to his filing a new motion with evidentiary support for his allegation of mental incompetence.  He claims that there are records of his treatment at the prison.  These documents would be helpful to attach should he decide to file a new motion.

## Conclusion

Accordingly, it is HEREBY ORDERED that Harden's Motion for Reconsideration **[Doc. 8]** **is DENIED WITHOUT PREJUDICE**.

DATED May 18, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[12] *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

3