UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Harold D. Harden,

    Plaintiff

v.

Nevada Department of Corrections, *et al.*,

    Defendants

Case No.: 2:14-cv-2008-JAD-VCF

**Order Denying Motion for Reconsideration [ECF 12, 13, 20]**

    On May 1, 2015, pro se plaintiff Harold D. Harden, who is a prisoner in the custody of the Nevada Department of Corrections, requested I reconsider an order denying his motion for appointment of counsel.[1] In that request for reconsideration, Mr. Harden raised the issue of mental incompetence but did not submit any supporting medical records or affidavits. So I denied his motion without prejudice to refile a new motion with proper evidentiary support.

    Four weeks later, Mr. Harden did indeed refile, this time with a competency evaluation prepared by Dr. Daniel Sussman, a competency evaluation prepared by Dr. Daniel Malatestaj, and affidavits prepared by inmates who attest that Mr. Harden is taking medicine for mental illness.[2] I appreciate how promptly Mr. Harden gathered these materials together, and I have no reason to doubt the sincerity of the affidavits. But both competency evaluations clearly indicate that, although Mr. Harden is taking medication for mental illness, he is, in fact, competent.[3] Both doctors checked the general box for "Competency" at the top of the form as well as specific boxes for competency under *Dusky v. United States*.[4] They each found, for example, that Mr. Harden has the "capacity to

---

[1] ECF 8.

[2] ECF 12, 13.

[3] ECF 13 at 4, 6.

[4] *Dusky v. United States*, 362 U.S. 402 (1960).

1

understand the nature of the criminal charges"[5] and the "capacity to understand the nature and purpose of court proceedings."[6]

Accordingly, I again deny Mr. Harden's motion for reconsideration.  Reconsideration is an "extraordinary remedy."[7]  It will only be granted if (1) there is newly discovered evidence, (2) there has been clear error, or (3) there has been an intervening change in law.[8]  There is no hint of clear error or an intervening change in law here.  And the "new" evidence Mr. Harden submits in the form of medical records only reinforces the finding that he does not have the kind of mental incompetence that mandates appointment of counsel.  I therefore deny his motion for reconsideration[9] as well as his related motion for appointment of counsel.[10]

## Conclusion

Accordingly, it is HEREBY ORDERED that Harold Harden's Motion for Reconsideration **[ECF 13] is DENIED** and that his Motion for Appointment of Counsel **[ECF 12]** is denied.  It is further ordered that his motion for notification **[ECF 20]** is **DENIED** as moot.

DATED November 5, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Id.*

[6] *Id.*

[7] *Carrol v. Nakatani*, 242 F.2d 713, 715 (9th Cir. 2003).

[8] *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

[9] ECF 13.

[10] ECF 12.

2