UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold D. Harden, | Case No. 2:14-cv-02008-JAD-VCF |
| Plaintiff | |
| v. | **Order Extending Stay to 4/1/16, Replacing John Doe Defendant with True Name, and Denying Motion to Alter or Amend Screening Order** |
| Nevada Department of Corrections, et al., | |
| Defendants | [ECF 33, 34, 37] |

I.   DISCUSSION

On November 5, 2015, I screened plaintiff's complaint, dismissed his First Amendment legal-mail claim without prejudice, and temporarily stayed this case to permit plaintiff and the defendants to meet with a court-appointed mediator.[1,2] Plaintiff then filed a motion to identify John Doe in screening order,[3] a motion to alter or amend my dismissal of his legal-mail claim,[4] and a request to extend the stay pending mediation.[5] I grant the request to replace John Doe with Correctional Officer Lt. Christopher Day, deny the motion to alter or amend my screening order, and extend the stay to April 1, 2016.

A.   Motion to Identify John Doe in Screening Order [ECF 33]

In the screening order, I found that plaintiff's denial-of-access-to-the-courts and retaliation claims could proceed against "John Doe Mail Room Staff" once plaintiff identified this individual.[6] Plaintiff now identifies John Doe as Correctional Officer Lt. Christopher Day, who was the head of

---

[1] ECF 27 at 12–13, ECF 31, 32, 35, 36.

[2] ECF 31, 32, 35, 36.

[3] ECF 33.

[4] ECF 34.

[5] ECF 37.

[6] ECF 27 at 12.

Page 1 of 4

1  the High Desert State Prison mail room/property room during the time of the alleged events.[7]
2  Plaintiff seeks an order amending his amended complaint and the screening order to identify John
3  Doe as Christopher Day.
4        I grant plaintiff's motion to substitute Correctional Officer Lt. Christopher Day in for the
5  place-holder "John Doe."  Plaintiff's denial-of-access-to-the-courts claim and retaliation claim will
6  proceed against Defendant Lt. Christopher Day.

      **B.**    **Motion to Alter or Amend First Amendment Claim [ECF 34]**

8        The screening order also concludes that "it [was] unclear to the court whether plaintiff's mail
9  was from his attorney or the courts.  Mail from a court is not legal mail and may be opened outside
10 the presence of a prisoner."[8]  I dismissed the claim without prejudice, and I found that plaintiff's
11 legal-mail allegations were more appropriately addressed in the context of his denial-of-access-to-
12 the-courts and retaliation claims.[9]
13       In his motion to alter or amend that screening order, plaintiff contends that mail from the
14 courts is legal mail that may not be opened outside the presence of an inmate for inspection, and he
15 asserts that he should be able to proceed with his First Amendment legal-mail claim.[10]
16       A motion to reconsider must set forth "some valid reason why the court should reconsider its
17 prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to
18 reverse its prior decision."[11]  Reconsideration is appropriate if the court "(1) is presented with newly
19 discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if
20 there is an intervening change in controlling law."[12]  "A motion for reconsideration is not an avenue

---

[7] ECF 33 at 1.

[8] ECF 27 at 7.

[9] *Id.*

[10] ECF 34 at 1–2.

[11] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[12] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

to re-litigate the same issues and arguments upon which the court already has ruled."[13]

I deny plaintiff's motion because plaintiff has not demonstrated any legitimate basis for reconsideration. The Ninth Circuit has held that "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail" because correspondence from a court to a litigant is a public document.[14] Plaintiff's legal-mail claim thus fails as a matter of law.

### C. Motion to Stay [ECF 37]

When I continued the date for the early inmate-mediation conference to March 25, 2016, I did not continue the stay, which is currently set to expire March 18, 2016. Plaintiff requests that I extend that stay pending the results of the mediation.[15] I find good cause to extend the stay for this purpose, I grant the motion, and I extend the stay to Friday, April 1, 2016. Defendants are directed to file an updated status report on or before Friday, April 1, 2016.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that **plaintiff's motion to alter or amend to replace "John Doe Defendant" with his true name of Lt. Christopher Day [ECF 33] is GRANTED**, and the screening order [ECF 27] is amended to identify John Doe Mail Room Staff as Defendant Lt. Christopher Day. Plaintiff's denial-of-access-to-the-courts claim and retaliation claim will proceed against Defendant Lt. Christopher Day.

IT IS FURTHER ORDERED that **the motion to alter or amend First Amendment claim [ECF 34] is DENIED**.

---

[13] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[14] *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998).

[15] ECF 37.

IT IS FURTHER ORDERED that the motion to stay **[ECF 37] is granted.  The stay is extended through Friday, April 1, 2016 and Defendants' updated status report is due on that date.**

DATED this 16th day of February, 2016.

_____
Jennifer Dorsey
United States District Judge