UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold D. Harden,<br><br>     Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>     Defendants | 2:14-cv-02008-JAD-VCF<br><br>**Order Granting Application to Proceed** ***in forma pauperis*****, Overruling Objection, and Denying Motion for More Definite Statement as Moot**<br><br>[ECF 1, 39, 40] |

Nevada state prisoner Harold D. Harden sues multiple defendants for a handful of civil-rights violations that allegedly occurred while Harden was incarcerated at High Desert State Prison (HDSP). On November 5, 2015, I screened Harden's complaint, dismissed some claims, allowed others to proceed, and stayed the case for 90 days to allow the parties a chance to settle their dispute.[1] The Office of the Attorney General has filed a status report indicating that, despite multiple extensions of the stay,[2] the parties have not reached a settlement and intend to proceed with this case.[3] Because the case will now proceed, I address Harden's application to proceed *in forma pauperis* (IFP),[4] objection,[5] and motion for more definite statement.[6]

**Discussion**

I grant Harden's IFP application because I find that Harden is unable to prepay the full filing fee. In his motion for a more definite statement, Harden seeks to clarify the effect of the extended stay. Because the extended stay has expired, Harden's motion for a more definite statement is denied

---

[1] ECF 27.

[2] ECF 32, 38.

[3] ECF 44.

[4] ECF 1.

[5] ECF 39.

[6] ECF 40.

as moot.

When I screened Harden's complaint, I dismissed his First Amendment legal-mail claim without prejudice because Harden did not allege that defendants interfered with mail from his attorney.[7]  Harden then filed a  "Motion to Alter & Amend Decision on Plaintiff's 1st Amendment legal claim as 'Dismissed Without Prejudice Pursaunt to Fed. R. Civ. P. 59(e),'" which I construed as a motion to reconsider and denied.[8]  Harden objects to the denial of his motion, arguing that his motion should have been construed as a motion for leave to amend, rather than a motion to reconsider, because it was brought under FRCP 59(e).  Harden's objection is overruled because (1) his previous motion plainly sought reconsideration of my dismissal of his First Amendment claim and (2) a Rule 59(e) motion *is* a motion to alter or amend a judgment,[9] not a motion for leave to amend.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objection **[ECF 39] is DENIED.**

2. Plaintiff's motion for more definite statement **[ECF 40] is DENIED as moot.**

3. Plaintiff's application to proceed *in forma pauperis* **[ECF 1] is GRANTED.**  Plaintiff is not required to pay an initial installment of the filing fee.  But, in the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

4. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs.  This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

5. As required by 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections must

---

[7] ECF 27 at 7.

[8] ECF 38 at 2.

[9] *See Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983) (holding that "[a] timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e)").

pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (Harold D. Harden, #96165) in the months that the account exceeds $10.00 until the full $350.00 filing fee has been paid for this action. The Clerk of the Court is instructed to SEND a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court must also SEND a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

6. The Clerk of the Court is further instructed to electronically **SERVE a copy of this order and a copy of plaintiff's amended complaint [ECF 7] on the Office of the Attorney General of the State of Nevada, attention Kat Howe.**

7. The Attorney General's Office must file a notice advising the court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. For any named defendant whom the Attorney General's Office cannot accept service for, the Office must file under seal (but will not serve the inmate plaintiff) the last known address(es) of those defendant(s). If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) for whom the Attorney General has not provided last-known-address information, plaintiff must provide the full name and address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), those defendants must file and serve an answer or other response to the complaint by **June 4, 2016.**

10. From this point forward, plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was

mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, plaintiff must direct service to the individual attorney named in the notice of appearance.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service.

Dated this 4th day of April, 2016.

_____
Jennifer A. Dorsey
United States District Judge