# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

| | |
|---|---|
| HAROLD D. HARDEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS., et. al.,<br><br>                    Defendants. | 2:14-cv-02008-JAB-VCF<br><br>**ORDER**<br><br>MOTION FOR APPOINTMENT OF COUNSEL (ECF NO.<br>57)<br>MOTION FOR APPOINTMENT OF COUNSEL (ECF NO.<br>59) |

This matter involves Plaintiff Harold Harden's prisoner civil rights action against Dwight Neven, Timothy Filson, and Christopher Day.  (ECF No. 8).  Before the court are Harden's Motions for Appointment of Counsel (ECF No. 57 and No. 59).  For the reasons stated below, Harden's motions are denied.

## I.        BACKGROUND

On December 2, 2014, Harden commenced his prisoner civil rights action.  (ECF No. 1).  On March 3, 2015, Harden filed his first motion for appointment of counsel.  (ECF No. 2).  On April 14, 2015, Judge Dorsey denied Harden's motion for appointment of counsel and dismissed his case with leave to amend.  (ECF No. 5).  On May 1, 2015, Harden filed an amended complaint, (ECF No. 7), and a motion to reconsider the Judge's order denying counsel, (ECF No. 8).  In his motion to reconsider, Harden alleged mental impairments.  (*Id.*).  Judge Dorsey found no evidence in the record to support this notion and denied Harden's motion without prejudice.  (*Id.*).  On May 28, 2015, Harden filed another motion for appointment of counsel and attached an affidavit from a fellow inmate attesting to his mental impairment. (ECF No. 12).  On May 29, 2015, Harden moved to reconsider the orders denying counsel and filed medical records documenting his impairment.  (ECF No. 13).  On November 5, 2015, Judge Dorsey again

denied Harden's motions for reconsideration and appointment of counsel. (ECF No. 26). On June 9 and June 13, 2016, Harden again filed motions for appointment of counsel. (ECF No. 57 and No. 59).

## II.      LEGAL STANDARD

The court may appoint counsel to *in forma pauperis* litigants only under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (section 1983 action). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (internal quotations omitted) (section 1983 action). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

## III.      DISCUSSION

Harden has already filed two motions for appointment of counsel, (ECF No. 2 and No. 12), and two motions to reconsider the orders denying counsel (ECF No. 8 and No. 13). Judge Dorsey has denied all of his previous motions for counsel and motions to reconsider the orders denying counsel. (*See* ECF No. 5 and No. 26). She considered the competency evaluations and affidavits that were filed by Harden. (ECF No. 26). Judge Dorsey found that "although Mr. Harden is taking medication for mental illness he is, in fact, competent." (*Id.*) Here, Harden argues his previous unsuccessful motions are evidence of his inability to litigate his case. (ECF Nos. 57 and 59). Harden believes the complexity of his case and his status as an *in forma pauperis* litigant requires an attorney. *Id.* He also argues he does not have the financial resources to pursue litigation. *Id.* Harden again asserts his mental conditions but has not provided any evidence indicating the circumstances are different than when Judge Dorsey evaluated his mental condition. *Id.* Harden has demonstrated sufficient writing ability and legal knowledge to articulate and litigate his claim. *Wilborn,* 789 F.2d at 1331. The facts he alleged and the

issues he raised were not of substantial complexity.  *Id.*  The compelling evidence against Harden made it extremely unlikely that he would succeed on the merits.  *Id.*  His financial status is of no consideration when evaluating whether to appoint counsel.  Harden's motions for appointment of counsel therefore are denied.

ACCORDINGLY,

IT IS ORDERED that Harden's motions for appointment of counsel (ECF No. 57 and No. 59) are denied.

IT IS SO ORDERED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.

DATED this 21st day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE