UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| HAROLD D. HARDEN,<br><br>          Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS; *et.al.*,<br><br>          Defendant. | Case No. 2:14–cv–2008–JAD–VCF<br><br>**ORDER**<br><br>Motion For Sanctions (ECF No. 20); Motion to Strike the Answer (ECF No. 67) |

Before the court are Harden's motion for sanctions (ECF No. 60) and the Defendants' response (ECF No. 64).  Also before the court is Harden's motion to strike the answer (ECF No. 67).  For the reasons stated below, Harden's motions are denied.

1.   <u>The Nevada Attorney General Has Not Violated Rule 11(b)</u>

By presenting a written motion to the court, an attorney certifies that the motion is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose the appropriate sanction."  Fed. R. Civ. P. 11(c).

Harden bases his motion for Rule 11 sanctions on the Attorney General's updated report of result of the extended 90-day stay[1] (ECF No. 44).  In its report, the Attorney General reported that "the parties

---

[1] A motion for Rule 11 sanctions must be served on the opposing party in advance of filing, and "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). Based on his representations, it does not appear that Harden complied with Rule 11's safe-harbor provision. (ECF No. 60)  Ordinarily failure to comply with the safe-harbor provision would be grounds to deny Harden's motion.  However this omission is inconsequential since the underlying motion lacks merit.

have not reached a settlement." (*Id.*)  Harden mistakenly believes this action has settled. (ECF No. 60) Harden's belief is contradicted by the docket.  On March 25, 2016, this court entered a minute order that stated in part "[a] settlement was NOT reached.  This case shall be returned to its normal litigation track."  (ECF No. 42)  Since no settlement was reached, the Attorney General's update does not misrepresent the status of this action.

2.   <u>Harden's Motion to Strike the Answer is Denied</u>

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Harden has not shown that any defense should be stricken under Rule 12(f).  Harden's motion to strike argues that his claims are meritorious, and that the Defendants acted inappropriately by denying liability in their answer.  (ECF No. 67)  After appropriate discovery, Harden will have an opportunity to argue the merits of his case through dispositive motion, and possibly at trial.  A motion to strike is not the proper paper for him to argue the merits of his case.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Harden's motion for sanctions (ECF No. 60) is DENIED.

IT IS FURTHER ORDERED that Harden's motion to strike the answer (ECF No. 67) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE