UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold D. Harden,<br><br>　　　Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>　　　Defendants | 2:14-cv-02008-JAD-VCF<br><br>**Order Denying Motions for Reconsideration**<br><br>[ECF Nos. 47, 71, 73, 74] |

　　Nevada state-prison inmate Harold D. Harden sues multiple defendants for a handful of civil-rights violations that allegedly occurred while Harden was incarcerated at the High Desert State Prison. On November 5, 2015, I screened Harden's complaint, dismissed some claims, allowed others to proceed, and stayed this case for 90 days to allow the parties a chance to settle their dispute.[1] After the Office of the Attorney General filed a status report indicating that, despite multiple extensions of the stay,[2] the parties had not reached a settlement and would proceed with this case,[3] I granted Harden's application to proceed *in forma pauperis*, denied his motion for a more definite statement as moot, and denied his motion to reconsider my earlier dismissal of his First Amendment claim.[4] Harden has since filed a 11 motions seeking reconsideration of various orders, the imposition of sanctions, and other relief from this court. I address four of Harden's motions to reconsider in this order, and I deny each of them because Harold has given me no valid basis to reconsider the challenged orders.

---

[1] ECF No. 27.

[2] ECF Nos. 32, 38.

[3] ECF No. 44.

[4] ECF No. 45.

**Discussion**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction.[5] This district's local rule LR 59-1 advises that "[a] party seeking reconsideration must state with particularity the points of law or fact that the court has overlooked or misunderstood." "Motions for reconsideration are disfavored," and a movant must not merely "repeat arguments already presented."[6] Harden has not met his burden for reconsideration.

**A.    ECF No. 47**

Harden first objects to the order lifting the stay in this case and returning it to the normal litigation track.[7] He objects to the Attorney General's report of the results of the 90-day stay (that no settlement was reached) and argues that this case should still be stayed pending settlement because the parties were close to reaching a settlement even though they had not agreed on an actual dollar amount. The record reflects that the stay in this case was extended multiple times[8] and that the parties were still unable to reach a settlement. The Attorney General's Office is not required to continue settlement negotiations with Harden indefinitely, and the court has an interest in managing its docket by moving this case forward. Accordingly, Harold's motion for reconsideration **[ECF No. 47] is DENIED.**

**B.    ECF Nos. 71, 73**

Harden next objects to Magistrate Judge Ferenbach's order denying his requests for court-appointed counsel.[9] He complains that he is being held to the same standards as trained lawyers, has

---

[5] *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir.2013) ("It is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake.").

[6] LR 59-1.

[7] ECF No. 42.

[8] ECF Nos. 32, 38.

[9] ECF No. 70.

a history of mental-health problems, and that the level of complexity of his claims is high.[10] Harden simply reurges the arguments that Judge Ferenbach rejected when he denied Harden's last two requests for counsel, some of which I have also rejected.[11] Because I still do not find that exceptional circumstances exist to warrant appointment of counsel, Harden's motions to reconsider the magistrate judge's order denying appointment of counsel **[ECF Nos. 71, 73] are DENIED.**

C.  ECF No. 74

Harden also asks me to reconsider Magistrate Judge Ferenbach's order denying Harden's motion for sanctions.[12] In that order, the magistrate judge explained that Harden had not made the required showing for Rule 11 sanctions—his request was based on the Attorney General's updated status report for the 90-day stay—and did not comply with Rule 11's safe-harbor provision.[13] Because Harden offers no valid basis for me to reconsider the magistrate judge's order, and I agree with the findings and conclusions in that order, Harden's motion to reconsider **[ECF No. 74] is DENIED.**

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Harden's motions to reconsider **[ECF Nos. 47, 71, 73, 74] are DENIED.**

Dated this 16th day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *Id.*

[11] ECF Nos. 2, 8, 12, 13.

[12] ECF No. 72.

[13] *Id.*