**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

HAROLD D. HARDEN,

        Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS; *et. al.*,

        Defendants.

Case No. 2:14–cv–2008–JAD–VCF

**ORDER**

Before the court are the following motions:

1)     Harden's motion for leave to file (ECF No. 83).

2)     Harden's motion to compel (ECF No. 84) and the Defendants' response[1] (ECF No. 87).

3)     Harden's motion for leave to file (ECF No. 85); the Defendants' response (ECF No. 88); and Harden's reply (ECF No. 91).

4)     Harden's motion to reconsider (ECF No. 86)

5)     Harden's motion for discovery sanctions (ECF No. 89); the Defendants' response (ECF No. 92); and Harden's reply (ECF No. 94).

5)     Harden's motion to extend time (ECF No. 95)

6)     Harden's motion for copy of minute order (ECF No. 96)

7)     Harden's motion for leave to file (ECF No. 103)

---

[1] After the court's initial screening order, Harden's claims against Defendants Neven, Filson, and Day were allowed to proceed. (ECF No. 27)  They will be collectively referred to as the Defendants.  All three are represented by the Nevada Attorney General's Office.

1

        8)      Harden's motion for leave to file (ECF No. 108)

## I. Discussion

a.    <u>Harden's Motions for Leave to File (ECF No. 83); (ECF No. 85); (ECF No. 103); (ECF No. 108)</u>

Harden's motions for leave to file ask permission to file several affidavits in support of his complaint. (ECF No. 83) "Supplementation is prohibited without leave of court." LR 7-2(g). "A party may not file supplemental pleadings briefs, authorities or evidence without leave of court granted for good cause." *Id.* This court has reviewed Harden's supplemental affidavits and does not find good cause to allow him to supplement. His causes of action were alleged with sufficient detail for the Defendants to answer. (ECF No.1) No further elaboration or supplemental is necessary.

In his second motion for leave to file (ECF No. 85), Harden also requests that the Defendants be found in contempt and that Deputy Attorney General D. Randall Gilmer be removed as defense counsel. (*Id.*) This court begins its analysis by noting that Harden's requests are procedurally improper. "For each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b). For example, "separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document." *Id.* In the interest of expediency, this court will nonetheless consider the merits of Harden's requests. From this point onward, this court instructs Harden to comply with the Local Rules and request one form of relief per document.

The basis for both requests appears to be that a settlement was allegedly reached, yet the Defendants continue to litigate this action. (*Id.*) This court has addressed and rejected Harden's settlement-based arguments. (ECF No. 72) Another court in this District has considered and rejected the same argument in Harden's other action. *Harden v. Christine Moningoff*, No. 2:14-cv-377-APG-PAL, 2016 WL 4721097 at* 5 (D. Nev. Sept. 9, 2016). As in his related case, Harden does not provide

documentation that a settlement was reached.  Without supporting evidence, this court rejects Harden's settlement-based arguments.

Ordinarily, this court's analysis would end at this juncture.  However, given Harden's history of alleging litigation misconduct by the Attorney General's Office (ECF No. 60); (ECF No. 67), a further admonishment is necessary.  Harden is instructed that any future allegations of litigation misconduct must be accompanied supporting documents.

b.	Harden's Motion to Compel (ECF No. 84)

"All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it."  LR 26-7(b).  "Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."  LR 27-6(c).

Harden's motion to compel is a single, hand-written paragraph that asks for responses to his interrogatories and requests for production.  (ECF No. 84).  It does not provide the text of the discovery sought nor does Harden include an affidavit attesting to the results of his meet and confer.  (*Id.*)  Without these documents, this court will not consider Harden's motion to compel.  It is denied without prejudice.

c.	Harden's Motion to Reconsider (ECF No. 86)

This court's prior order denied Harden's motion for leave to supplement.  (ECF No. 82)  At the time, this court was unsure which pleading or motion Harden wished to supplement.  (*Id.*)  In his motion to reconsider, Harden clarified that he wishes to supplement his complaint.  (ECF No. 86)  This court has considered Harden's supplemental documents in the context of his original complaint.  It finds that Harden's complaint adequately alleged his causes of action.  No further supplementation is required.

d.      Harden's Motion for Discovery Sanctions (ECF No. 89)

Federal Rule of Civil Procedure 37 permits a party to move for sanctions when the opposing party has failed to respond to discovery requests. A motion made under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FED. R. CIV. P. 37(a)(1).

Harden did not attach a certification that he attempted to obtain the discovery sought without court intervention. (ECF No. 89) Instead he alleges, without providing supporting evidence, that the Defendants have not produced any discovery. (*Id.*) Without a certification that Harden attempted to obtain the discovery without court intervention, this court will deny his motion for sanction as premature. Harden's motion for sanctions is denied.

This court also uses this order as an opportunity to clarify an issue raised in Harden's motion for sanctions. In the motion, Harden states, "I've already moved for removal of this particular AGO, Deputy Attorney General Eric N. Tran and it was done." Contrary to Harden's claim, Deputy Attorney General Gilmer's substitution for Deputy Attorney General Tran appears to have been a routine change of lead counsel within the Attorney General's Office. (ECF No. 29)

e.      Harden's Motion to Extend Time (ECF No. 95)

"A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline." LR 26-4. "A request made within 21 days of the subject deadline must supported by a showing of good cause." *Id.* "The good cause inquiry focuses primarily on the movant's diligence." *Mendez v. Fiesta Del Norte Home Owners Association*, No. 2:15-cv-314, 2016 WL 1643780 at *3 (D.Nev. Apr. 26, 2016). "Good cause to extend

discovery cutoffs exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.*(quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)).

Harden's motion does not explain why he could not meet the original Oct. 24, 2016 discovery cutoff.  (ECF No. 95)  Harden alleges that he had not received any discovery from the Defendants nor has he been able to respond to the Defendants' discovery requests.  (*Id.*)  He does not explain why he waited until the day before the close of discovery to request his extension.  Harden's effort to establish good cause for his delay amount to no more than routine difficulties encountered in civil discovery.  Indeed, Harden's prior motion to compel (ECF No. 84) demonstrates that he believed there were discovery disputes that required court intervention at least a month before the close of discovery.  This court does not find good cause to grant Harden's requested discovery extension.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Harden's motions for leave to file (ECF No. 83); (ECF No. 85); (ECF No. 103); (ECF No. 108) are DENIED.

IT IS FURTHER ORDERED that Harden's Motion to Compel (ECF No. 84) is DENIED.

IT IS FURTHER ORDERED that Harden's Motion to Reconsider (ECF No. 86) is GRANTED. Upon reconsideration, Harden's prior motions for leave to file (ECF No. 77); (ECF No. 81) are DENIED.

IT IS FURTHER ORDERED that Harden's Motion for Discovery Sanctions (ECF No. 89) is DENIED.

IT IS FURTHER ORDERED that Harden's Motion to Extend Time (ECF No. 95) is DENIED.

IT IS FURTHER ORDERED that Harden's Motion for a Copy of Order 93 (ECF No. 96) is GRANTED.  The clerk of the court is instructed to provide Harden with a copy of the most recent docket sheet.

IT IS SO ORDERED.

DATED this 6th day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE