UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Harold D. Harden,

    Plaintiff

v.

Nevada Department of Corrections, et al.,

    Defendants

2:14-cv-02008-JAD-VCF

**Order Granting Defendants' Motion for Summary Judgment and Denying all other Pending Motions as Moot**

[ECF Nos. 97, 99, 104, 105, 110, 113, 114, 115, 117, 118]

    Pro se Nevada state prison inmate Harold D. Harden sues three prison employees and officials for civil-rights violations that allegedly occurred while he was incarcerated at Nevada's High Desert State Prison. I screened his amended complaint, allowed his retaliation, excessive-force, and denial-of-access-to-the-courts claims to proceed, and dismissed his legal-mail claim and all claims against the Nevada Department of Corrections and the High Desert State Prison. Defendants move for summary judgment, and Harden has filed a crossmotion and a series of other motions. I find that defendants have met their summary-judgment burden and that Harden has failed to shift the burden back to defendants. I therefore grant defendants' motion for summary judgment, deny all other pending motions as moot, and close this case.[1]

**Background**

    Harden sues Deputy Warden Dwight Neven, Lieutenant Christopher Day, and Associate Warden T. Filson. He alleges that, on Warden Filson's orders, Lt. Day purposefully withheld and destroyed his legal mail because he had filed a § 1983 complaint against prison correctional officers, and that he missed the deadline for filing a habeas petition as a result. Warden Neven allegedly denied Harden's grievances and told Associate Warden Filson to "take care of" Harden because he was a "legal beagle."[2] Warden Filson ordered Harden transferred to the hole and had seven CERT

---

[1] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[2] ECF No. 7 at 4.

officers beat, kick, and strip Harden in front of female staff and other inmates who yelled obscenities at him and laughed as his "small sized manhood/penis."[3] At the wardens' orders, CERT officers denied Harden medical care and food and phone privileges.[4] A nurse also injected Harden with medicine that he was allergic to.[5]

I screened Harden's complaint, allowed his retaliation, excessive-force, and denial-of-access-to-the-courts claims to proceed, dismissed his legal-mail claim and all claims against the Nevada Department of Corrections and the High Desert State Prison, and stayed this case for 90 days to allow the parties a chance to settle their dispute. The parties were unable to reach a settlement, so I lifted the stay. Discovery has now closed and the parties have filed crossmotions for summary judgment. Harden has also filed a handful of other motions and objections to previous orders.

## Discussion

### A. Summary-judgment standards

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[7] If reasonable minds could differ on the material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed and the case must proceed to the trier of fact.[8]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

---

[3] *Id.*

[4] *Id.* at 6.

[5] *Id.*

[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[7] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[8] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

showing that there is a genuine issue for as to the material facts"; it "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in its favor.[9]  The court may only consider facts that could be presented in an admissible form at trial in deciding a motion for summary judgment.[10]  Summary judgment may not be granted by default.[11]

Defendants argue that they are entitled to summary judgment because Harden failed to exhaust all administrative remedies as required under the PLRA and he lacks evidence to support his claims and defendants' exhibits—which include a DVD of the alleged beating incident—show that the force used was objectively reasonable under the circumstances.  Harden argues that summary judgment should be granted in his favor because the court screened and permitted three of his claims to proceed and he has sufficiently supported each of them.  Alternatively, he moves for a delay of summary judgment under FRCP 56(d).

**B.     Harden is not entitled to a summary-judgment delay under FRCP 56(d) to conduct additional discovery.**

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[12]  To prevail on a Rule 56(d) request, the movant must show: "(1) that [she has] set forth in affidavit form the specific facts that [she] [hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."[13]  A Rule 56(d) motion "may be denied where

---

[9] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.  Harden was advised of these burdens and standards.  *See* ECF No. 102.

[10] FED. R. CIV. P. 56(c).

[11] *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993).

[12] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[13] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (stating standard under former Rule 56(f)).

the movant has been dilatory, or where the movant seeks irrelevant, speculative, or cumulative information."[14]

Harden recites the standard for a summary-judgment delay under Rule 56(d) and requests that discovery be reopened for 90 days.[15] He does not identify any specific facts that he hopes to elicit from further discovery, let alone show that these facts exist, and he does not explain why these sought-after facts are essential to resist defendants' summary judgment motion. Because Harden fails to make the required showing under Rule 56(d), his request for a delay of summary judgment is denied; I consider defendants' summary-judgment motion on its merits.

### C. Defendants are entitled to summary judgment because Harden failed to properly exhaust all administrative remedies as required under the PLRA.

#### 1. *Prisoner plaintiffs must fully exhaust the grievance process before filing suit.*

The PLRA requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions."[16] Failure to properly exhaust all available administrative remedies as required by the PLRA is "an affirmative defense the defendant must plead and prove."[17] Once a defendant proves that there was an available administrative remedy that the inmate did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[18] Nonetheless, the ultimate burden of proof remains with

---

[14] *Slama v. City of Madera,* 2012 WL 1067198, *2 (E.D. Cal. March 28, 2012) (citing *California Union Ins. Co. v. Am.*, 914 F.2d 1271, 1278 (9th Cir. 1990) (stating that under former Rule 56(f) a district court may deny a request for further discovery if the movant has failed to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment)).

[15] ECF No. 110.

[16] 42 U.S.C. § 1997e(a).

[17] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[18] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

the defendant.[19]  The question of exhaustion is typically disposed of on summary judgment, with the judge deciding disputed factual issues relevant to exhaustion.[20]  If feasible, exhaustion should be decided before reaching the merits of a prisoner's claims.[21]

In *Woodford v. Ngo,* the United States Supreme Court held that the PLRA's exhaustion requirement requires *proper* exhaustion.[22]  Proper exhaustion means that the inmate must comply with the prison's "deadlines and other critical procedural rules"[23] and properly use "all steps that the [prison] holds out," so that the prison is given an opportunity to address the issues on the merits.[24]  And just last term in *Ross v. Blake*, the United States Supreme Court reiterated that the PLRA's proper exhaustion requirement is mandatory: exhaustion is only excused if administrative procedures are not available.[25]

### 2. Defendants have shown that Harden failed to exhaust all available administrative remedies before filing suit.

The NDOC has a three-level grievance process.[26]  An inmate begins this process by filing an informal grievance.  An inmate can appeal the prison's response to his informal grievance by filing a first-level grievance.  To exhaust, the inmate must also appeal the prison's first-level response by filing a second-level grievance.[27]

---

[19] *Id.*

[20] *Id.* at 1170–71.

[21] *Id.* at 1170.

[22] *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added).

[23] *Id.* at 91.

[24] *Id.* at 90–91 (internal citation and quotation omitted).

[25] *Ross v. Blake*, __S.Ct.__, 2016 WL 3128839, at * 5 (June 6, 2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA even to take "special" circumstances into account).

[26] ECF No. 99 at 8 (AR 740).

[27] *Id.* (AR 740.04, 750.05, 750.06, 750.07).

Harden filed only one grievance relating to this case. In that grievance, he claimed that his "legal mail" marked "received" December 3, 2013, was not delivered until December 5, 2013, and looked tampered with.[28] The grievance was rejected at all three levels because the two-day delay complied with prison mail regulations and Harden failed to explain why he thought his mail was tampered with.[29]

Harden failed to properly exhaust all administrative remedies for his claims. He did not state in his grievance that he believed he was being retaliated against or that he missed any court-ordered deadlines as a result of the alleged mail tampering and delay, and he filed no grievance relating to defendants' alleged use of excessive force. Defendants have thus shifted the burden to show proper exhaustion to Harden. Harden attaches the same grievance on which defendants rely and a letter that he received from the Nevada Attorney General responding to various complaints. Harden offers no "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him"[30] as is required to excuse a failure to exhaust. Because defendants have shown that the prison was never given the opportunity to address Harden's claims, and Harden has not shown that the PLRA's mandatory exhaustion requirement is excused, defendants are entitled to summary judgment on all of Harden's claims and I decline to address the merits of Harden's claims. Because I am entering summary judgment in favor of the defendants on all claims, ending this case, I deny the remainder of the pending motions as moot.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment **[ECF No. 99] is GRANTED** and all other pending motions **[ECF Nos. 97, 104, 105, 110, 113, 114, 115, 117, 118] are DENIED as moot.**

---

[28] ECF No. 118 at 11.

[29] *Id.*

[30] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

The Clerk of Court is directed to enter judgment for defendants and against Harden and CLOSE THIS CASE.

Dated this 9th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge