UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold D. Harden,<br><br>       Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>       Defendants | 2:14-cv-02008-JAD-VCF<br><br>**Order Denying Motion to Reconsider,<br>Granting Motion for Leave to Submit,<br>and Closing Case**<br><br>[ECF Nos. 128, 136] |

Pro se Nevada state prison inmate Harold D. Harden sues three prison employees and officials for civil-rights violations that allegedly occurred while he was incarcerated at Nevada's High Desert State Prison. I screened his amended complaint and allowed his retaliation, excessive-force, and denial-of-access-to-the-courts claims to proceed and dismissed his legal-mail claim and all claims against the Nevada Department of Corrections and the High Desert State Prison. Defendants moved for summary judgment, and Harden filed a crossmotion and a series of other motions. I found that defendants were entitled to summary judgment based on Harden's failure to properly exhaust his claims through the prison's grievance process, so I granted summary judgment for defendants, denied all other pending motions as moot, and closed this case.[1]

Harden moves me to reconsider my summary-judgment order. He now supplies additional grievances that he claims show that he did in fact exhaust all prison administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), and that summary judgment is therefore improper.[2] Harden has also filed a "motion for leave to resubmit" his reply brief, which he had previously moved to withdraw.[3] I grant Harden's motion for leave to resubmit, and I consider the merits of his reply brief. But, having reviewed Harden's supplemental grievances, I still find that his

---

[1] ECF No. 126.

[2] ECF No. 128.

[3] ECF Nos. 131, 135, 136.

claims fail as a matter of law for lack of complete exhaustion, so I deny Harden's motion to reconsider.[4]

## Background

### A.  Harden's complaint

Harden sues Deputy Warden Dwight Neven, Lieutenant Christopher Day, and Associate Warden T. Filson.  He alleges that, on Warden Filson's orders, Lt. Day purposefully withheld and destroyed Harden's legal mail because he had filed a § 1983 complaint against prison correctional officers, and that he missed the deadline for filing a habeas petition as a result.  Warden Neven allegedly denied Harden's grievances and told Associate Warden Filson to "take care of" Harden because he was a "legal beagle."[5]  Warden Filson ordered Harden transferred to the hole and had seven CERT officers beat, kick, and strip Harden in front of female staff and other inmates who yelled obscenities at him and laughed as his "small sized manhood/penis."[6]  At the wardens' orders, CERT officers denied Harden medical care and food and phone privileges.[7]  A nurse also injected Harden with medicine that he was allergic to.[8]

I screened Harden's complaint, allowed his retaliation, excessive-force, and denial-of-access-to-the-courts claims to proceed, dismissed his legal-mail claim and all claims against the Nevada Department of Corrections and the High Desert State Prison, and stayed this case for 90 days to allow the parties a chance to settle their dispute.  The parties were unable to reach a settlement, so I lifted the stay.  After discovery closed, the parties filed crossmotions for summary judgment.

### B.  Summary-judgment order

In their summary-judgment motion, defendants provided the grievance history for grievance

---

[4] I find this motion suitable for disposition without oral argument.  L.R. 78-1.

[5] ECF No. 7 at 4.

[6] *Id.*

[7] *Id.* at 6.

[8] *Id.*

number 20062971436, which Harden referenced in his amended complaint as proof that he had exhausted all prison administrative remedies for the claims in this lawsuit.[9]  Harden attached the same grievance to his motion as proof of exhaustion; he did not provide any other grievances at that time.

In that grievance, he claimed that his "legal mail" marked received on December 3, 2013, was not delivered until December 5, 2013, and looked tampered with.[10]  The grievance was rejected at all three levels because the two-day delay was within the acceptable range under prison mail regulations and Harden failed to explain why he thought his mail was tampered with.[11]  Harden did not allege in that grievance that he believed he was being retaliated against or that he missed any court-ordered deadlines as a result of the alleged mail tampering and delay (as necessary to support his denial-of-access claim), and the grievance contains no excessive-force allegations.  I therefore found that Harden did not properly exhaust his claims through this grievance.  The burden thus shifted to Harden to offer "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him"[12] to excuse his apparent failure to exhaust.  Harden failed to do so.  Because the grievance history on which both parties relied clearly showed that Harden failed to properly exhaust his claims, I granted summary judgment for defendants based on exhaustion and declined to address the merits of Harden's claims.[13]

---

[9] ECF No. 7 at ¶ 8, 3.

[10] ECF No. 118 at 11.

[11] *Id.*

[12] ECF No. 126 at 6 (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014)).

[13] *Id.*

**Discussion**

**A.    Motion to reconsider**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[14] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[15] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[16]

Harden attaches additional grievances to his motion that he claims constitute newly discovered evidence showing that the court committed clear error and that my initial decision was manifestly unjust because he did in fact properly exhaust his claims with the prison. Defendants respond that these grievances are not newly discovered evidence and that Harden should have produced them on summary judgment. Thus, defendants contend, Harden has given me no valid basis to reconsider my decision, and the motion to reconsider should be denied without further analysis. Even when I consider Harden's belatedly offered evidence, the additional grievances he provides still fail to shift the exhaustion burden back to defendants, so I deny Harden's motion.

**B.    Harden did not properly exhaust his claims.**

　　*1.    Exhaustion under the PLRA*

The PLRA requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions."[17] Failure to properly exhaust all available administrative remedies as required by the PLRA is "an affirmative defense the defendant must plead and prove."[18]

---

[14] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[15] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[16] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[17] 42 U.S.C. § 1997e(a).

[18] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Once a defendant proves that there was an available administrative remedy that the inmate did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[19] Nonetheless, the ultimate burden of proof remains with the defendant.[20] The question of exhaustion is typically disposed of on summary judgment, with the judge deciding disputed factual issues relevant to exhaustion.[21] If feasible, exhaustion should be decided before reaching the merits of a prisoner's claims.[22]

In *Woodford v. Ngo,* the United States Supreme Court held that the PLRA's exhaustion requirement requires *proper* exhaustion.[23] Proper exhaustion means that the inmate must comply with the prison's "deadlines and other critical procedural rules"[24] and properly use "all steps that the [prison] holds out," so that the prison is given an opportunity to address the issues on the merits.[25] In *Ross v. Blake* the United States Supreme Court reiterated that the PLRA's proper exhaustion requirement is mandatory: exhaustion is only excused if administrative procedures are not available.[26]

---

[19] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

[20] *Id.*

[21] *Id.* at 1170–71.

[22] *Id.*, 747 F.3d at 1170.

[23] *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added).

[24] *Id.* at 91.

[25] *Id.* at 90–91 (internal citation and quotation omitted).

[26] *Ross v. Blake*, 136 S.Ct. 1950 (2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA, even to take "special" circumstances into account).

### 2.   *The additional grievances fail to shift the exhaustion burden back to defendants.*

As I explained in my previous order, the NDOC has a three-level grievance process.[27] An inmate begins this process by filing an informal grievance. An inmate can appeal the prison's response to his informal grievance by filing a first-level grievance. To exhaust, the inmate must also appeal the prison's first-level response by filing a second-level grievance.[28]

Harden has provided five additional grievances through which he claims he sufficiently exhausted his claims in this lawsuit.[29] In the first, which was exhausted through all three levels, Harden alleges that he is not receiving mail sent to him by his family and that his legal mail is sometimes late.[30] The grievance lacks the allegation in this litigation that Harden was retaliated against and it fails to identify what he was retaliated against for or provide any allegations that the delay interfered with his access to the courts or that he was subjected to excessive force. Thus, Harden did not exhaust any of his claims alleged in this case through this grievance.

The second, third, and fourth newly provided grievances were not exhausted through all three levels,[31] so they could not have properly exhausted Harden's claims.[32] Additionally, these grievances are not related to Harden's allegations in this case. The fifth grievance was grieved through all three levels and may be related to Harden's excessive-force allegation that multiple officers beat, kicked, and stripped him.[33] But the grievance contains no allegation of excessive force; instead it contains a property claim for $37.00 for clothing that Harden claims was damaged during a "restraining

---

[27] ECF No. 99 at 8 (AR 740).

[28] *Id.* (AR 740.04, 750.05, 750.06, 750.07).

[29] ECF No. 128 at 9–12 (grievance nos. 20062973184; 2006983243; 20062982673; 20062982463; and 20062972091).

[30] *Id.* at 9.

[31] *Id.* at 10 (based on the documentation Harden has provided, it appears that grievance numbers 2006983243 and 20062982463 proceeded through only the first level, and only an informal grievance was filed in 20062982673).

[32] *Ngo*, 548 U.S. at 90–91.

[33] ECF No. 128 at 11–12.

process" on December 9, 2013.[34] Thus, this grievance also failed to give the prison an opportunity to respond to any of Harden's claims in this case. Because even considering these belatedly offered grievances I still find that Harden failed to shift the exhaustion burden back to defendants, I deny his motion to reconsider.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Harden's motion to alter final judgment granting summary judgment for defendant **[ECF No. 128] is DENIED**, and Harden's motion for leave to resubmit **[ECF No. 136] is GRANTED**.

This case remains closed.

Dated this 9th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[34] *Id.*